# Brooke's Estate (No. 2).

*Lunacy—Committee of lunatic—Costs of audit.*

A trustee is not to be mulcted in costs in the absence of any evidence of bad faith or negligence, or gross mismanagement.

The costs of an audit will not be imposed upon the committee of a lunatic where all the exceptions to his account have been dismissed, excepting one relating to a small sum which should not have been included in the account.

Argued Dec. 10, 1907. Appeal, No. 148, Oct. T., 1907, by Victorine H. Brooke, from decree of C. P. No. 1, Phila. Co., March T., 1903, No. 1,194, dismissing exceptions to auditor's report in estate of James Brooke, trust for James Henry Brooke. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to auditor's report.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Edwin F. Schively* and *Wm. W. Porter,* with them *Sidney E. Smith,* for appellant.

*D. P. Hibberd,* with him *G. Henderson,* for appellee.

OPINION BY PORTER, J., July 15, 1908:

Samuel P. Tull, the accountant, was appointed a substitute trustee of the trust estate created by a deed of James Brooke, in favor of James Henry Brooke during life as to the property No. 1611 Waverly street. James Henry Brooke having died, the trustee filed his final account of the trust as to that property, to which account the appellant filed exceptions. An auditor was appointed before whom much testimony was presented. The net result of the proceeding was to strike from

the account a charge against the accountant of $21.25, which amount had been paid to the accountant by this appellant through an error and ought not to have been included in the account; and upon the other side of the account, the sum of $1.06 was deducted from the commissions of the accountant, being the commission upon the above-named item included in the account through a mistake. The effect of those changes was to actually reduce the balance found to be in the hands of the accountant in this account. The appellant had filed several other exceptions to the account, but they were all dismissed by the auditor, and properly so under the evidence. The only specification of error which the appellant presents, is that the auditor erred in failing to place the costs of the audit upon the accountant. There was no evidence that the accountant had not acted in perfectly good faith and with due diligence in the management of this estate. The only error in his account was one into which he had been led by the action of this appellant. Even if the accountant had been solely responsible for the error, it is manifest that he acted in perfectly good faith in introducing it into his account, for the effect of such introduction was to increase the apparent balance against him. This error could not have led to the incurring of more than a very small fraction of the cost involved in the audit, because almost all the evidence was directed to exceptions which the appellant failed to sustain. A trustee is not to be mulcted in costs in the absence of any evidence of bad faith or negligence or gross mismanagement.

The decree of the court below is affirmed and the appeal dismissed at costs of the appellant.